**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>**CARLOS JOSUE LASANTA MIRANDA<br>CARMEN YELITZA ROMERO RAMOS**<br><br>Debtor(s) | **CASE NO. 12-07323 BKT**<br>**Chapter 13**<br><br>**Adversary No. 13-00065** |
| **CARLOS JOSUE LASANTA MIRANDA<br>CARMEN YELITZA ROMERO RAMOS**<br><br><br>**Plaintiff**<br><br>vs.<br><br>**BANCO POPULAR DE PUERTO RICO**<br><br>**Defendants** | <br><br><br>**FILED & ENTERED ON 12/26/2013** |

<u>**OPINION AND ORDER**</u>

Before this Court is Defendant's Motion for Summary Judgment [Dkt. No. 13] and Plaintiff's Response to Defendant's Motion for Summary Judgment [Dkt. No. 19]. For the reasons set forth below, the Defendant's Motion for Summary Judgment is hereby GRANTED.

Carlos Josue Lasanta Miranda and Carmen Y. Romero Ramos ("Debtors") filed a petition seeking relief under chapter 13 of the Bankruptcy Code, 11 U.S.C.A. § 1301 *et seq*. Banco Popular of Puerto Rico ("BPPR") filed a secured claim against the Debtors for $257,321.65, secured by a mortgage lien over a real property belonging to the Debtors.  Debtors have presented this adversary proceeding to question the validity of BPPR's lien over their property. They state that the lien was

never properly registered in the Property Register as an encumbrance on their property as required under Puerto Rico's Mortgage Law. Debtors offer, in support of their arguments, a title search obtained on July 18, 2012, stating that the property was free and clear of any mortgage liens. They sustain that when the loan took place, the property that was encumbered was not their property, but a completely different one not related to the Debtors'. BPPR states that their mortgage lien was correctly registered and they offer a certification from the Property Registry, dated on March 8, 2013, stating that the property is indeed encumbered by the mortgage deed. BPPR has presented a Motion for Summary Judgment, bidding this Court to dismiss the complaint.

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Under Fed. R. Civ. P. 56(c), made applicable in bankruptcy by Fed. R. Bank. P., Rule 7056, summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya &Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must

view the evidence in a light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos at 388.

Although this perspective is favorable to the nonmoving party, it still must demonstrate, "through submissions of evidentiary quality," that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the nonmovant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991).These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990). But, the evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." *See also* Horta v. Sullivan, 4 F.3d 2, 7-8(1st Cir. 1993) (the materials attached to the motion for summary judgment must be admissible and usable at trial.) "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005).

In order to grant the Defendant's Motion for Summary Judgment, this Court must find that there is no material issue of fact and that the evidence offered by the Plaintiff is insufficient to create a trial-worthy controversy. The Plaintiffs have presented a title search that states that their property was free and clear of any encumbrances by July 18, 2012. To this, BPPR answers by showing a certification from the Property Registrar, indicating the existence of the mortgage lien on the

Debtors' property. "…A certification issued by a Property Registrar is a public document admissible as evidence and with the same effect of the original document. They constitute *prima facie* evidence of the facts contained therein, which may be challenged by different evidence that contradicts it." Luis Rafael Rivera Rivera, Derecho Inmobiliario Registral Puertorriqueño, p. 80 (3d ed. 2012) (translation ours). This Court determines that a title search is less credible evidence than a certification that has been issued directly by a Property Registrar. When met with an authentic public document like a certification from a Property Registrar, the title search, by its nature, cannot be granted greater probative value.

Therefore, this Court finds that the Debtors have not met the requirements set forth under Fed. R. Civ. P. 56(c) for the denying of a Motion for Summary Judgment. The evidence proffered by the Defendant towards the existence of a validly registered mortgage lien over the Debtor's property, and the lack of sufficient evidence presented by the Debtors to challenge BPPR's evidence, support BPPR's request for a summary judgment.

WHEREFORE, IT IS ORDERED that the Defendant's Motion for Summary Judgment shall be, and hereby is, GRANTED and the case is hereby DISMISSED.

In San Juan, Puerto Rico this 26th day of December, 2013.

Brian K. Tester
U.S. Bankruptcy Judge